UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RONALD J. DORAN and JOAN
C. DORAN,
        Plaintiffs,

v.                                             In Admiralty

CAMMIE KENDRICK, Official          Civil Cause No. 04 10168 DPW
Number 1050936, its engines,
tackle, equipment, permits, and
appurtenances, in rem; and
WALTER N. LEWIS III and
NICOLE M. LEWIS, in personam,
_____Defendants._____

**ORDER**

      This cause came on for hearing on May 5, 2004.  Plaintiffs were

represented by counsel but no other parties were present.

      The pleadings on file show there has been no appearance by in personam

defendants Walter N. Lewis III and Nicole M. Lewis who were defaulted on

February 27, 2004.  Thereafter, they were served with an Order Directing the

Clerk to Issue a Warrant of Arrest, the In Rem Warrant of Arrest, and an Order

Appointing Substitute Custodians.  On behalf of Mr. and Mrs. Lewis three

attorneys contacted plaintiffs' attorney after the vessel arrest but none appeared.

Neither has any party claiming an interest in or right against the in rem defendant

vessel appeared despite a Notice of Vessel Arrest published in The Boston

Globe and plaintiffs' mailings to persons entitled to actual notice of this civil

action pursuant to 46 U.S.C. § 31325(d).

      Having considered plaintiffs' pleadings, which are unopposed, the Court

hereby grants:

1.  Plaintiffs' Application for Clerk's Entry of <u>In Rem</u> Default against

    (a) <u>in rem</u> defendant CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances ("the Vessel") and

    (b) all persons who have not appeared in this action;

2.  Plaintiffs' <u>Ex Parte</u> Summary Judgment Motion against Mr. and Mrs. Lewis, jointly and severally, for $70,298 as of March 26, 2004; plus $30/day storage and $28.94/day interest through the Marshal's sale; plus attorney's fees, costs, and <u>in custodia legis</u> expenses as might be subsequently itemized by plaintiffs and approved by the Court; and

3.  Plaintiff's <u>Ex Parte</u> Motion for Sale of Vessel.  Having awarded plaintiffs judgment, the Court finds that it is unnecessary and excessive to prolong the charges related to storing the Vessel at $30/day with interest accruing at $28.94/day and that defendants Lewis have unreasonably delayed securing the Vessel's release since the March 9, 2004 arrest, despite notice of it.  <u>See</u> Fed. R. Civ. P. Supp. Rule E(9)(b)(i)(B) and (C).

Accordingly, it is hereby

**ORDERED** that the U.S. Marshal for the District of Massachusetts sell to the highest bidder at public auction the defendant fishing vessel CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances, on or about Wednesday May 26, 2004 at 12:00 noon at the

premises of the Substitute Custodian, Barnstable Marine Service, in accordance with the terms stated in the attached Notice of Vessel Sale.

**ORDERED** that plaintiffs publish the Notice of Vessel Sale once prior to the auction in The Boston Globe Classified/Legal Notices section and publish a shortened version once in the boating ads of The Boston Globe and The Cape Cod Times, as time allows prior to the auction.  Plaintiffs are also directed to publish the Notice of Vessel Sale in Commercial Fisheries News, as time allows. Further, the Substitute Custodian is directed to prominently post on the Vessel a copy of the Notice of Vessel Sale.

**ORDERED** that plaintiffs promptly serve this Order and attached Notice of Vessel Sale on the in personam defendants.

**ORDERED** that plaintiffs be allowed to bid at the Marshal's sale the amount of their judgment and claim toward the sale price of the Vessel.

**ORDERED** that the Marshal shall deposit the proceeds of the sale into the registry of the Court for eventual distribution.

The Clerk will schedule a Confirmation Hearing for a convenient time after the auction.

DATED at Boston, Massachusetts this _____ day of May 2004.


_____
UNITED STATES DISTRICT JUDGE