UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD J. DORAN and JOAN C. DORAN,<br>      Plaintiffs, | |
| v. | In Admiralty |
| CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances, in rem; and WALTER N. LEWIS III and NICOLE M. LEWIS, in personam,<br>      Defendants. | Civil Cause No. 04 10168 DPW |

## STATUS REPORT

Plaintiffs Ronald J. Doran and Joan C. Doran (the "Dorans") provide this status report in accordance with the Court's May 4, 2004 Electronic Notice.

Defendant Walter N. Lewis III (but not Nicole M. Lewis) filed a Chapter 13 petition in Case No. 04-13660-WCH on May 3, 2004 in U.S. Bankruptcy Court for the District of Massachusetts. Nevertheless, as broadened by 11 U.S.C. § 1301, the automatic stay would appear to include the Dorans' summary judgment motion against Mrs. Lewis as an "individual that is liable on such debt with the debtor."

The Dorans filed a Motion for Relief from Stay or Dismissal and supportive pleadings on May 17, serving them in accordance with MLBR App. 1, 13-5(1) on May 14 and 17, 2004. In pertinent part, the motion states that relief from stay to continue with this pre-bankruptcy case should be granted because

> "cause" pursuant to 11 U.S.C. § 362(d)(1) is satisfied for several distinct reasons. First, Debtor failed to keep CAMMIE KENDRICK insured since August

2002.  Second, Debtor failed to renew his limited access Northeast Multispecies permit on CAMMIE KENDRICK for 2003 and 2004.  As a result, CAMMIE KENDRICK is no longer eligible to renew that permit, which not only precludes CAMMIE KENDRICK from commercially fishing for groundfish but also constitutes a prejudicial waste of a valuable asset that was under arrest and the Dorans planned to foreclose.  Third, Debtor lacks any significant equity in CAMMIE KENDRICK.  Fourth, there is no realistic possibility of reorganization due to Debtor's physical health, lapse of permits, and apparent lack of catch revenues over the last year or more.  Fifth, interest and custodial expenses are accumulating.  Sixth, the bankruptcy petition was not filed in good faith but was merely an attempt to delay CAMMIE KENDRICK's inevitable foreclosure sale.  Under these circumstances, there is no way the Dorans' interest in CAMMIE KENDRICK can be adequately protected except for proceeding with the Marshal's sale.

RESPECTFULLY SUBMITTED by e-mail this 20th day of May 2004.

DAVID J. FARRELL, JR.
Attorney for Plaintiffs


/s/ David J. Farrell, Jr.
BBO #559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121
farrell@sealaw.org