UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD J. DORAN and JOAN
C. DORAN,
      Plaintiffs,

v.

CAMMIE KENDRICK, Official
Number 1050936, its engines,
tackle, equipment, permits, and
appurtenances, in rem; and
WALTER N. LEWIS III and
NICOLE M. LEWIS, in personam,
      Defendants.

In Admiralty

Civil Cause No. 04 10168 DPW

**POST-RELIEF FROM STAY STATUS REPORT**

Plaintiffs Ronald J. Doran and Joan C. Doran (the "Dorans") provide this status report in accordance with the Court's May 20, 2004 Electronic Order.

Defendant Walter N. Lewis III filed Debtor's Response to Creditor Dorans' Motion for Relief from the Automatic Stay or Dismissal on May 24, 2004 in Bankr. D. Mass. Case No. 04-13660-WCH (Pacer Docket Entry 17). In that response, Mr. Lewis stated he "assents to relief being granted" and "desires that the vessel be auctioned immediately in a 'commercially reasonable manner,'" highlighting that "**THE DEBTOR DOES NOT OBJECT TO THE GRANTING OF THIS MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS IT IS IN THE BEST INTEREST OF ALL THE PARTIES.**" Furthermore, Mr. Lewis admitted in ¶ 9(A) the substance of what the Dorans' seek for summary judgment here, as stated in their Motion for Relief from Stay or Dismissal at ¶9(A) (Pacer Docket Entry 7), specifically (including the footnote) that "they have a maritime First Preferred Mortgage lien prior to all other claims for '$70,298 as of March 26, 2004; plus

$30/day storage and $28.94/day interest through the Marshal's sale; plus attorney's fees, costs, and <u>in custodia legis</u> expenses as might be subsequently itemized by the Dorans and approved by the [District of Massachusetts]"[1]

---

[1] This is the language of the summary judgment the Dorans seek from Judge Woodlock. It is anticipated that the total judgment will approximate $90,000 after confirmation of CAMMIE KENDRICK's sale."

---

Having considered the Dorans' motion and Debtor's assent, on May 27, 2004 (Pacer Docket Entry 19) Bankruptcy Judge William C. Hillman "ORDERED that the automatic stay is modified to authorize the Dorans to continue with their…pre-petition suit" before Judge Woodlock.

Accordingly, the Dorans submit the following to renew their foreclosure suit:

1. Background

This case involves the foreclosure of a first preferred ship mortgage. Pursuant to this Court's orders, the defendant vessel including its National Marine Fisheries Service permits was arrested on March 9, 2004 and is in the care of the substitute custodian at Barnstable Marine Service. Despite proper notice, no parties have appeared in this case, not even Mr. Lewis whose Suggestion of Bankruptcy filed May 21, 2004 by its terms "IS NOT INTENDED TO CONSTITUTE AN APPEARANCE."

As discussed above, D. Mass. Bankr. Judge William C. Hillman granted the Dorans' motion for relief from stay on May 27, 2004. Plaintiffs now seek entry of judgment and sale of the vessel.

2. Procedural Status of this Case

In personam defendant vessel owners Mr. and Mrs. Lewis were defaulted on February 27, 2004. As of today they remain in default having not yet appeared despite repeated notice of this action. Besides the summons and complaint, on March 12, 2004 the order of arrest, warrant of arrest, and order appointing substitute custodians were served on both Mr. and Mrs. Lewis. Following the arrest, undersigned counsel spoke several times with defendant Mr. Lewis plus three attorneys who ended up not appearing on behalf of the in rem or in personam defendants. Furthermore, Mr. Lewis admitted in his bankruptcy case to knowing about the Dorans' motions for summary judgment and vessel sale. Compare Motion for Relief from Stay or Dismissal, Pacer Docket Entry 7 at ¶ 5 ("On March 26, 2004 the Dorans moved for summary judgment against Debtor and his wife and for an order directing the Marshal to auction CAMMIE KENDRICK.") with Debtor's Response to Creditor Dorans' Motion for Relief from the Automatic Stay or Dismissal, Pacer Docket Entry 17 at ¶ 5 ("Admitted….).

A Notice of Vessel Arrest was published in The Boston Globe as ordered on April 6, 2004. It required "any person asserting an interest or right against the Vessel to file a verified statement of right or interest on or before April 20, 2004." In addition, certified letters were received by and regular mail sent to the only known lien claimant and two other people with conceivable interests in the vessel, pursuant to 46 U.S.C. 31325(d). See Application for Clerk's Entry of In Rem Default at ¶ 3.

3. Pending Motions

Plaintiffs renew the following unopposed motions, all <u>ex parte</u> due to the lack of appearance by any party other than plaintiffs:

a. *Application for Clerk's Entry of <u>In Rem</u> Default*. Due to the bankruptcy, this was denied without prejudice but should now be granted. Despite published notice, no party has timely appeared to claim an interest in the vessel. Plaintiffs anticipate filing a motion for <u>in rem</u> default judgment in compliance with this session's standing order.

b. *Plaintiffs' <u>Ex Parte</u> Motion for Summary Judgment.* The Motion for Summary Judgment and LR 56.1 Concise Statement of Material Facts (based on the (i) Verified Complaint <u>In Rem</u> and <u>In Personam</u> and (ii) Affidavit of Ronald J. Doran in Support of <u>Ex Parte</u> Motions for Summary Judgment and Sale of Vessel) support entry of a joint and several judgment against Mr. and Mrs. Lewis for $70,298 as of March 26, 2004; plus $30/day storage and $28.94/day interest through the Marshal's sale; plus attorney's fees, costs, and <u>in custodia legis</u> expenses as might be subsequently itemized by plaintiffs and approved by the Court. Legal authority, with citations, was provided in a Memorandum in Support.

c. *Plaintiffs' <u>Ex Parte</u> Motion for Sale of Vessel.* Plaintiffs request a Marshal's Sale on Friday June 25, 2004 at noon. That should be enough time to advertise the sale. If the Court enters judgment against defendants before that date the sale would execute on the judgment.

If timing is such that entry of judgment is not feasible before that date, at a minimum, an interlocutory sale of the Vessel should be ordered because "the expense of keeping the property is excessive or disproportionate" and "there is an unreasonable delay in securing release of the property." Fed. R. Civ. P. Supp. Rule E(9)(b)(i) (B) and (C).

4. Proposed Order

Plaintiffs respectfully attach a proposed Order and Notice of Vessel Sale for the Court's consideration.

RESPECTFULLY SUBMITTED by e-mail this 1st day of June 2004.

DAVID J. FARRELL, JR.
Attorney for Plaintiffs


/s/ David J. Farrell, Jr.
BBO #559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121
farrell@sealaw.org

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD J. DORAN and JOAN
C. DORAN,
    Plaintiffs,

v.                                                                    In Admiralty

CAMMIE KENDRICK, Official                         Civil Cause No. 04 10168 DPW
Number 1050936, its engines,
tackle, equipment, permits, and
appurtenances, in rem; and
WALTER N. LEWIS III and
NICOLE M. LEWIS, in personam,
    Defendants.

## ORDER

The pleadings on file show there has been no appearance by in personam defendants Walter N. Lewis III and Nicole M. Lewis who were defaulted on February 27, 2004. Thereafter, they were served with an Order Directing the Clerk to Issue a Warrant of Arrest, an In Rem Warrant of Arrest, and an Order Appointing Substitute Custodians. On behalf of Mr. and Mrs. Lewis three attorneys contacted plaintiffs' attorney after the vessel arrest but none appeared in this case.

On March 26, 2004 plaintiffs filed an ex parte motion for summary judgment and of vessel.

On May 21, 2004 Mr. Lewis filed a Suggestion of Bankruptcy which specifically stated it "is not intended to constitute an appearance" in this case. The Dorans moved for relief from stay, to which Mr. Lewis assented, and an order granting the motion and authorizing this case to proceed was entered on

May 27, 2004.  In Mr. Lewis' assent, he admitted the summary judgment sought by the Dorans.  In re Lewis, Case No. 04-13660-WCH (Bankr. D. Mass.).

Neither has any party claiming an interest in or right against the in rem defendant vessel appeared despite a Notice of Vessel Arrest published in The Boston Globe and plaintiffs' mailings to persons entitled to actual notice of this civil action pursuant to 46 U.S.C. § 31325(d).

Having considered plaintiffs' pleadings, which are unopposed, the Court hereby grants:

1. Plaintiffs' Application for Clerk's Entry of In Rem Default against

    (a) in rem defendant CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances ("the Vessel") and

    (b) all persons who have not appeared in this action;

2. Plaintiffs' Ex Parte Summary Judgment Motion against Mr. and Mrs. Lewis, jointly and severally, for $70,298 as of March 26, 2004; plus $30/day storage and $28.94/day interest through the Marshal's sale; plus attorney's fees, costs, and in custodia legis expenses as might be subsequently itemized by plaintiffs and approved by the Court; and

3. Plaintiff's Ex Parte Motion for Sale of Vessel.  Having awarded plaintiffs judgment, the Court finds that it is unnecessary and excessive to prolong the charges related to storing the Vessel at $30/day with interest accruing at $28.94/day and that defendants Lewis have unreasonably delayed securing the Vessel's release since the March

9, 2004 arrest, despite notice of it.  See Fed. R. Civ. P. Supp. Rule E(9)(b)(i)(B) and (C).

Accordingly, it is hereby

**ORDERED** that the U.S. Marshal for the District of Massachusetts sell to the highest bidder at public auction the defendant fishing vessel CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances, on or about Friday June 25, 2004 at 12:00 noon at the premises of the Substitute Custodian, Barnstable Marine Service, in accordance with the terms stated in the attached Notice of Vessel Sale.

**ORDERED** that plaintiffs publish the Notice of Vessel Sale once prior to the auction in The Boston Globe Classified/Legal Notices section and publish a shortened version once in the boating ads of The Boston Globe and The Cape Cod Times, as time allows prior to the auction.  Further, the Substitute Custodian is directed to prominently post on the Vessel a copy of the Notice of Vessel Sale.

**ORDERED** that plaintiffs promptly serve this Order and attached Notice of Vessel Sale on the in personam defendants.

**ORDERED** that plaintiffs be allowed to bid at the Marshal's sale the amount of their judgment and claim toward the sale price of the Vessel.

**ORDERED** that the Marshal shall deposit the proceeds of the sale into the registry of the Court for eventual distribution.

The Clerk will schedule a Confirmation Hearing for a convenient time after the auction.

DATED at Boston, Massachusetts this ____ day of June 2004.


_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

Civil Cause No. 04 10168 DPW

NOTICE OF VESSEL SALE

F/V CAMMIE KENDRICK, Official Number 1050936,
its engines, tackle, equipment, permits, and appurtenances.

NOTICE is hereby given that pursuant to Court Order, the above Vessel, a 35 foot Duffy tuna boat, will be sold to the highest bidder at a public auction on Friday June 25, 2004 at 12:00 noon at Barnstable Marine Service.

Prospective bidders should consult 46 U.S.C. § 31329 and § 12102 to ensure their eligibility.

Any prospective bidder is authorized to make arrangements through the Substitute Custodian, Kate Plettner, Barnstable Marine Service, to visit, board, inspect, and survey the Vessel at reasonable times provided that is done at the sole expense and risk of the prospective bidder who shall sign a release holding the United States, the Marshal, and the Substitute Custodian harmless.

CONDITIONS: At the time of sale, the highest qualified bidder shall pay to the Marshal a cash deposit of at least 10% of the high bid in cash, bank check, or certified check with the balance due in similar form at a Confirmation Hearing to be scheduled by the Court, unless plaintiffs are the high bidder.

---

For more information, contact Attorney David J. Farrell, Jr., P.O. Box 186, S. Chatham, MA 02659 at (508) 432-2121.

ANTHONY DICHIO
U.S. MARSHAL
DISTRICT OF MASSACHUSETTS