UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD J. DORAN and JOAN
C. DORAN,
      Plaintiffs,

v.

CAMMIE KENDRICK, Official
Number 1050936, its engines,
tackle, equipment, permits, and
appurtenances, in rem; and
WALTER N. LEWIS III and
NICOLE M. LEWIS, in personam,
      Defendants.

In Admiralty

Civil Cause No. 04 10168 DPW

**ORDER**

The pleadings on file show there has been no appearance by in personam defendants Walter N. Lewis III and Nicole M. Lewis who were defaulted on February 27, 2004. Thereafter, they were served with an Order Directing the Clerk to Issue a Warrant of Arrest, an In Rem Warrant of Arrest, and an Order Appointing Substitute Custodians. On behalf of Mr. and Mrs. Lewis three attorneys contacted plaintiffs' attorney after the vessel arrest but none appeared in this case.

On March 26, 2004 plaintiffs filed an ex parte motion for summary judgment and of vessel.

On May 21, 2004 Mr. Lewis filed a Suggestion of Bankruptcy which specifically stated it "is not intended to constitute an appearance" in this case. The Dorans moved for relief from stay, to which Mr. Lewis assented, and an order granting the motion and authorizing this case to proceed was entered on

May 27, 2004. In Mr. Lewis' assent, he admitted the summary judgment sought by the Dorans. In re Lewis, Case No. 04-13660-WCH (Bankr. D. Mass.).

Neither has any party claiming an interest in or right against the in rem defendant vessel appeared despite a Notice of Vessel Arrest published in The Boston Globe and plaintiffs' mailings to persons entitled to actual notice of this civil action pursuant to 46 U.S.C. § 31325(d).

Having considered plaintiffs' pleadings, which are unopposed, the Court hereby grants:

1. Plaintiffs' Application for Clerk's Entry of In Rem Default against

    (a) in rem defendant CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances ("the Vessel") and

    (b) all persons who have not appeared in this action;

2. Plaintiffs' Ex Parte Summary Judgment Motion against Mr. and Mrs. Lewis, jointly and severally, for $70,298 as of March 26, 2004; plus $30/day storage and $28.94/day interest through the Marshal's sale; plus attorney's fees, costs, and in custodia legis expenses as might be subsequently itemized by plaintiffs and approved by the Court; and

3. Plaintiff's Ex Parte Motion for Sale of Vessel. Having awarded plaintiffs judgment, the Court finds that it is unnecessary and excessive to prolong the charges related to storing the Vessel at $30/day with interest accruing at $28.94/day and that defendants Lewis have unreasonably delayed securing the Vessel's release since the March

9, 2004 arrest, despite notice of it. See Fed. R. Civ. P. Supp. Rule E(9)(b)(i)(B) and (C).

Accordingly, it is hereby

**ORDERED** that the U.S. Marshal for the District of Massachusetts sell to the highest bidder at public auction the defendant fishing vessel CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances, on or about Friday June 25, 2004 at 12:00 noon at the premises of the Substitute Custodian, Barnstable Marine Service, in accordance with the terms stated in the attached Notice of Vessel Sale.

**ORDERED** that plaintiffs publish the Notice of Vessel Sale once prior to the auction in The Boston Globe Classified/Legal Notices section and publish a shortened version once in the boating ads of The Boston Globe and The Cape Cod Times, as time allows prior to the auction. Further, the Substitute Custodian is directed to prominently post on the Vessel a copy of the Notice of Vessel Sale.

**ORDERED** that plaintiffs promptly serve this Order and attached Notice of Vessel Sale on the in personam defendants.

**ORDERED** that plaintiffs be allowed to bid at the Marshal's sale the amount of their judgment and claim toward the sale price of the Vessel.

**ORDERED** that the Marshal shall deposit the proceeds of the sale into the registry of the Court for eventual distribution.

The Clerk will schedule a Confirmation Hearing for a convenient time after the auction.

DATED at Boston, Massachusetts this 2ⁿᵈ day of June 2004.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Cause No. 04 10168 DPW

NOTICE OF VESSEL SALE

F/V CAMMIE KENDRICK, Official Number 1050936,
its engines, tackle, equipment, permits, and appurtenances.

NOTICE is hereby given that pursuant to Court Order, the above Vessel, a 35 foot Duffy tuna boat, will be sold to the highest bidder at a public auction on Friday June 25, 2004 at 12:00 noon at Barnstable Marine Service.

Prospective bidders should consult 46 U.S.C. § 31329 and § 12102 to ensure their eligibility.

Any prospective bidder is authorized to make arrangements through the Substitute Custodian, Kate Plettner, Barnstable Marine Service, to visit, board, inspect, and survey the Vessel at reasonable times provided that is done at the sole expense and risk of the prospective bidder who shall sign a release holding the United States, the Marshal, and the Substitute Custodian harmless.

CONDITIONS: At the time of sale, the highest qualified bidder shall pay to the Marshal a cash deposit of at least 10% of the high bid in cash, bank check, or certified check with the balance due in similar form at a Confirmation Hearing to be scheduled by the Court, unless plaintiffs are the high bidder.

---

For more information, contact Attorney David J. Farrell, Jr., P.O. Box 186, S. Chatham, MA 02659 at (508) 432-2121.

ANTHONY DICHIO
U.S. MARSHAL
DISTRICT OF MASSACHUSETTS