UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RONALD J. DORAN and JOAN C. DORAN,
    Plaintiffs,

v.

CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances, in rem; and WALTER N. LEWIS III and NICOLE M. LEWIS, in personam,
    Defendants.
_____

In Admiralty

Civil Cause No. 04 10168 DPW

## POST-MARSHAL'S SALE REPORT

The Deputy Marshall opened the bidding at the June 25, 2004 auction at the approximate amount of plaintiffs' anticipated judgment, $95,500, but there were no bidders. Therefore, pursuant to the Court's June 2, 2004 Order plaintiffs now own in rem defendant fishing vessel CAMMIE KENDRICK, Official Number 1050936, its engines, tackle, equipment, permits, and appurtenances (the "Vessel").

The dollar amount of plaintiffs' judgment is calculated as follows:

| | |
|---|---|
| As of March 26, 2004 | $70,298 |
| Per diem interest of $28.94 from March 27 through June 25, 2004 | 2,633 |
| Per diem Substitute Custodian storage of $30 from March 27 through June 25, 2004 | 2,730 |

| | |
|---|---|
| Additional attorney's fees and costs[1] | 18,877 |
| Additional Marshal expenses, *approximate*[2] | 1,000 |
| TOTAL, *approximate* | $95,538 |

Because no other parties have appeared in this case, plaintiffs' Application for In Rem Default Judgment filed June 3, 2004 should be granted. Accordingly, plaintiffs should be awarded joint and several judgments against the in rem and in personam defendants totaling *approximately* $95,526 which is satisfied by the Marshal's transfer of ownership of the Vessel to plaintiffs free and clear of liens in accordance with 46 U.S.C. § 31326(a).

There is one remaining issue which potentially will require the Court's resolution: the status of National Marine Fisheries Sevice permits arrested on March 9, 2004. Mr. Lewis did not timely renew them prior to April 30, 2004 and NMFS is currently considering whether plaintiffs might be able to retroactively renew them since they were in the Marshal's custody since the arrest. It is anticipated that NMFS' Gloucester Office will fax undersigned

---

[1] Undersigned counsel does not have a scanner which precludes electronic filing of Mr. Doran's hand written worksheet and attorney invoices but they will be available at the Confirmation Hearing. Legal work included looking for the Vessel at various Cape Cod harbors and yards; convoluted communications with Mr. Lewis and his "business partner" Rebecca Somerman culminating in a planned wire transfer pay off in exchange for a Satisfaction of Mortgage but the deal never closed, apparently resulting in a criminal investigation of Ms. Somerman for absconding with the Lewis' funds; complicated arrest logistics due to our harsh winter, heavy ice, and difficulty in hauling the Vessel at Provincetown, requiring a move across Cape Cod Bay to Barnstable Harbor; dealing with four different law firms representing Mr. and Mrs. Lewis; a summary judgment motion against Mr. and Mrs. Lewis instead of an application for default judgment due to plaintiffs' inability to satisfy standing order affidavit requirements; and a motion for relief from the automatic stay imposed by Mr. Lewis' 11th hour bankruptcy filing.

[2] The U.S. Marshal's office will be faxing a final accounting to undersigned counsel on July 6.

counsel a written determination prior to the July 7, 2004 Confirmation Hearing scheduled for 2:30 pm.

A proposed Order Confirming Vessel Sale is electronically filed herewith for the Court's consideration.

RESPECTFULLY SUBMITTED by e-mail this 5th day of July 2004.

DAVID J. FARRELL, JR.
Attorney for Plaintiffs

_____/s/_____
BBO #559847
2355 Main Street
P.O. Box 186
S. Chatham, MA  02659
(508) 432-2121

I certify that courtesy copies of this report and the proposed order were mailed to defendants Mr. and Mrs. Lewis and mailed and faxed to bankruptcy Attorney Ellis on 07/05/04.

_____/s/_____
David J. Farrell, Jr.